FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No: 2:19-CR-00120-RHW-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS** |
| SERGIO SILVA-PINEDA, | **(ECF Nos. 66 & 67)** |
| Defendant. | |

Before the Court are Defendant's (1) First Motion to Dismiss, ECF No. 66, and (2) Second Motion to Dismiss, ECF No. 67. On October 28, 2020, the Court heard oral argument in the matter. The Court has reviewed the briefing, exhibits, and is fully informed. For the reasons set forth below, the motions are granted.

## BACKGROUND AND RELEVANT FACTS

Sergio Silva-Pineda (Silva) is a citizen and native of Mexico. He is presently charged with unlawful presence in the United States after having been previously ordered removed, in violation of 8 U.S.C. § 1326. ECF No. 52. In November 2010, immigration authorities apprehended Silva in Othello, Washington. ECF No. 69-1.

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 1**

In December 2010, an immigration judge (IJ) granted Silva pre-conclusion voluntary departure. ECF No. 69-4. Two days later, Silva returned to Mexico. ECF No. 69-5. Silva returned to the U.S. without permission and was again apprehended in July 2012. ECF No. 69-6. The Department of Homeland Security (DHS) commenced removal proceedings against Silva and issued him a Notice to Appear (NTA) on August 1, 2012. ECF No. 66-1. The NTA stated Silva was ordered to appear in immigration court at 1623 E J Street #3 Tacoma, WA at a date and time to be set. *Id.* On August 21, 2012, an unnamed staff person with the immigration court sent a Notice of Hearing (NOH) to Silva by mail in care of his custodial officer at the facility where he was detained. ECF No. 66-2 ("This document was served by: "Mail" . . . to: . . . "Alien c/o Custodial Officer . . ."). Silva states in a sworn declaration that he never received the NOH. ECF No. 66-8 ¶ 7.

On August 28, 2012, Silva was present in the hearing and unrepresented by counsel. ECF No. 71, Gov't Exhibit, Track 1, 00:00 – 00:22 (Audio Recording of Aug. 28, 2012 hearing). At the hearing, Silva requested additional time, which the IJ granted. *Id.* Track 5, 02:58 – 04:30. Following the August 28, 2012 hearing, there is no evidence in the record that any additional notices were issued for Silva's subsequent hearings. On November 6, 2012, Silva appeared in immigration court without counsel. ECF No. 68, Defense Exhibit, Track 1, 00:00 – 00:28 (Audio recording of Nov. 6, 2012 hearing). The IJ confirmed that Silva wished to proceed without counsel. *Id.* at 01:46 – 02:56. The IJ determined that Silva was ineligible for

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 2**

voluntary departure and ordered him removed to Mexico. *Id.* at 05:40 – 07:10; ECF No. 66-7.

## LEGAL STANDARD

### A. Motion to Dismiss Indictment

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, a court must accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Id.* A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

### B. Collateral Attack on a Deportation

"For a defendant to be convicted of illegal reentry under 8 U.S.C. § 1326, the Government must establish that the defendant left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (internal quotation marks and citation omitted). "A defendant charged under § 1326 has a due process right to collaterally attack his removal order because the removal order serves as a predicate

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 3**

element of his conviction." *Id.* (internal quotation marks and citation omitted). To demonstrate that a prior deportation cannot serve as the basis for an indictment for illegal reentry, 8 U.S.C. § 1326(d) requires that a defendant "demonstrate that (1) he exhausted the administrative remedies available for seeking relief from the predicate removal order; (2) the deportation proceedings 'improperly deprived [him] of the opportunity for judicial review'; and (3) the removal order was 'fundamentally unfair.' " *Id.* (quoting 8 U.S.C. § 1326(d)) (brackets in original). "To satisfy the third prong—that the order was fundamentally unfair—the defendant bears the burden of establishing both that the deportation proceeding violated his due process rights and that the violation caused prejudice." *Id.* (internal quotation marks, citation, and brackets omitted).

## DISCUSSION

**A. The August 28, 2012 hearing constituted Silva's initial removal hearing.**

As a preliminary matter, Silva argues that the August 28, 2012 hearing was not his initial removal hearing, so the August 21 NOH did not satisfy the initial notice of hearing required by 8 C.F.R. § 1003.18(b). ECF No. 66, at 10. This Court rejects this argument.

The August 21 NOH states in the heading of the document, "Notice of Hearing in Removal Proceedings." ECF No. 66-2. 8 C.F.R. § 1003.18(b) provides that "In removal proceedings . . . the Service shall provide in the Notice to Appear, the time, place and date of the initial removal hearing, where practicable." It is not

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 4**

disputed that Silva was in removal proceedings as set forth in the NTA. The August 28, 2012 hearing was his first such hearing on the merits of removability. Had the IJ not granted Silva additional time, she would have proceeded to the merits. *See* ECF No. 71, Gov't Exhibit, Track 5, 02:58 – 04:30.

**B. Jurisdiction did not vest with the immigration court because the deficiencies in the NTA were never timely cured.**

Next, Silva contends that because he never received the time and date of his hearing, jurisdiction did not vest. ECF No. 66, at 10. The Court agrees.

8 C.F.R. § 1003.18(b) provides:

> [The DHS] shall provide in the Notice to Appear, the time, place and date of the initial removal hearing, where practicable. If that information is not contained in the Notice to Appear, the Immigration Court shall be responsible for scheduling the initial removal hearing and providing notice to the government and the alien of the time, place, and date of hearing.

Under *Karingithi v. Whitaker*, 913 F.3d 1158, 1161–62 (9th Cir. 2019), the failure to provide time and date can be cured by providing this information at a later time before the hearing. The *Karingithi* Court determined that the Attorney General's regulations, including 8 C.F.R. § 1003.14(a) ("Jurisdiction and commencement of proceedings"), dictate when jurisdiction vests with the immigration court. 913 F.3d at 1159–60. Because the regulations only require the time and date to be in the initial notice "where practicable," 8 C.F.R. § 1003(18)(b), a notice to appear lacking such information still meets the regulatory requirements and vests the immigration court with jurisdiction so long

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 5**

1   as the time and date are later sent to the noncitizen. *Id.* at 1160–61. Thus,

2   *Karingithi* adopted the BIA's two-step framework established in *Matter of*

3   *Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018).

4   Similarly, the Ninth Circuit held in *Aguilar Fermin v. Barr*, 958 F.3d 887,

5   895 (9th Cir. 2020), that the failure to include the address of the immigration court

6   where the NTA will be filed does not deprive the immigration court of jurisdiction.

7   This is because the regulations requiring the NTA to include time, place, and date

8   are "procedural rules for the Immigration Courts . . . to outline the steps needed to

9   docket a case . . . and to ensure the efficient administrative handling of cases."

10  *Aguilar Fermin*, 958 F.3d at 894 (quoting *Matter of Rosales Vargas*, 27 I. & N.

11  Dec. 745, 749 (BIA 2020)).

12  When § 1003.15(b)(6) is read in conjunction with § 1003.18(b), it is clear

13  that the regulations anticipate that the immigration court can provide time, date,

14  and place at a later time. *Rosales Vargas*, 27 I. & N. Dec. at 750. "[A]n omission

15  of some of the information required by § 1003.14(a) and § 1003.15(b)(6) can be

16  cured and is not *fatal*." *Aguilar Fermin*, 958 F.3d at 895 (emphasis added).

17  The question before this Court is whether failing to subsequently cure the

18  lack of time, date, and place information from the notice to appear in a *timely*

19  manner deprives the immigration court of jurisdiction. The Court holds that it does.

20  As indicated by the Ninth Circuit in *Aguilar Fermin*, a failure to cure the missing

21  information is "fatal" to the criminal prosecution. *Id.* This is because without such

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 6**

a cure, jurisdiction fails to vest with the immigration court. The district courts, including varying decisions from this district, have diverged on this issue. *Cf. United States v. Hernandez-Fuentes*, No. 1:18-cr-2074-SAB, 2019 WL 1487251, at *2 (E.D. Wash. 2019) (holding that mailing the notice of hearing two days prior to the hearing deprived the immigration court of jurisdiction), *with United States v. De-Jesus*, No. 2:19-cr-00156-RHW, 2020 WL 1149911, at *5 (E.D. Wash. 2020) (holding that the failure to provide subsequent notice of the date and time of the hearing does not strip the immigration court of jurisdiction over the removal proceedings). With the guidance provided in *Aguilar Fermin*, this Court now concludes that failing to timely cure the absence of time, date, and place of the hearing deprives the immigration court of jurisdiction.[1]

The government contends that the regulations at issue are merely claim processing rules and the failure to comply with them does not deprive the immigration court of jurisdiction. While the applicable regulations, including § 1003.15(b)(6), are indeed claim processing rules, *Aguilar Fermin* holds that a charging document without time, place, and date will not deprive the immigration court of jurisdiction *so long as* it is subsequently cured. 958 F.3d at 894–95.

---

[1] This interpretation is bolstered by a recent unpublished decision of the Ninth Circuit. *Salazar-Reyes v. Barr*, No. 19-71682, 2020 WL 6441166, at *1 (9th Cir. Nov. 3, 2020) (unpublished) (noting that "omission of certain information from notice to appear can be cured for jurisdictional purposes by later hearing notice")(citing *Aguilar Fermin*, 958 F.3d at 895).

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 7**

Even if the Court credits the government's evidence as to when the NTA was served and thus assumes that the mail sent on August 21 was delivered the following day to Silva, it would have only arrived six days prior to the August 28 hearing. The regulations do not specify the minimum amount of time a respondent must receive the NTA before the hearing in order for service to be timely, but this Court has looked to 8 U.S.C. § 1229(b)(1)—the statute governing the contents of the Notice to Appear—as a starting point. *United States v. Hernandez-Fuentes*, 2019 WL 1487251, at *3 (E.D. Wash. 2019). That provision provides that "the hearing date shall not be scheduled earlier than 10 days after the service of the notice to appear, unless the alien requests in writing an earlier date." 8 U.S.C. § 1229(b)(1). The Court notes that even 10 days is a tight timeframe for a noncitizen to obtain legal representation or adequately prepare a defense. And the generous estimate of six days in the present case is certainly not timely. To be clear, the Court finds that if Silva received the notice at all, it was likely less than six days prior to the hearing. Furthermore, the record does not demonstrate that Silva's waiver of the 10-day requirement was ever translated into his native language of Spanish, *see* ECF No. 66-1, at 2, and the Court finds the waiver is invalid. *See Hernandez-Fuentes*, 2019 WL 1487251, at *4 (holding the 10-day waiver was unenforceable when the government failed to present proof that it was translated).

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 8**

Because the deficient NTA was not cured in Silva's case in a timely manner prior to his hearing, jurisdiction never vested with the immigration court.

### C. Notice must be *meaningful*.

In Silva's Second Motion to Dismiss, ECF No. 67, he claims that his due process rights were violated in the 2012 removal hearing because the immigration court informed him that he was categorically ineligible for voluntary departure. ECF No. 67, at 6–7. While this Court finds it unnecessary to address his eligibility for voluntary departure in the 2012 proceedings, the Court nonetheless finds that the 2012 removal proceedings violated Silva's due process rights by providing untimely notice for his initial removal hearing. Further, the Court finds that Silva was prejudiced by the untimely notice.

For nearly fifty years the Supreme Court has recognized that noncitizens are afforded due process rights in removal proceedings. *See Mathews v. Diaz*, 467 U.S. 67, 69 (1976).

> There are literally millions of aliens within the jurisdiction of the United States. The Fifth Amendment, as well as the Fourteenth Amendment, protects every one of these persons from deprivation of life, liberty, or property without due process of law. Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to that constitutional protection.

*Id.* (citation omitted). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations marks and

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 9**

citations omitted). In § 1326 prosecutions, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying removal order. *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987). A removal order is fundamentally unfair if the noncitizen's "due process rights were violated by defects in the underlying deportation proceeding" and "he suffered prejudice as a result." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004).

      Due process requires the IJ to inform the noncitizen of his eligibility for immigration relief and give eligible respondents an opportunity to make their case for such relief. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). Proper notice allows the accused to seek counsel, gather necessary documents, alert potential witnesses of the hearing, and adequately prepare legal defenses. In Silva's case, if he were provided timely notice, he could have prepared arguments for voluntary departure, cancellation of removal, and for release on bond. This Court cannot say with high degree of certainty how such arguments would have fared at Silva's 2012 removal proceedings. However, to establish prejudice under 8 U.S.C. § 1326(d)(3), the petitioner need not establish that he "actually would have been granted relief." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004). Instead, Silva only needs to demonstrate that he had "plausible grounds for relief." *United States v. Bustos-Ochoa*, 704 F.3d 1053, 1056 (9th Cir. 2012). The Court finds that Silva has met the low threshold that he had plausible grounds for

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 10**

relief that could have been presented to the IJ in 2012. Accordingly, he was prejudiced by not having adequate notice prior to the initial removal hearing. Because Silva likewise did not receive proper notice for any of his subsequent removal proceedings, the violations of Silva's due process rights continued throughout the proceedings.

Thus, aside from the immigration court lacking jurisdiction to proceed due to DHS's failure to cure the deficient NTA, Silva also prevails in challenging the underlying removal order because it violated his due process rights. The Court therefore grants Silva's First Motion to Dismiss under the theory that the immigration court lacked jurisdiction to impose the 2012 removal order, and grants the Second Motion to Dismiss to the extent the 2012 removal proceedings violated his due process rights.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's First Motion to Dismiss Indictment, **ECF No. 66**, is **GRANTED**.
2. Defendant's Second Motion to Dismiss, **ECF No. 67**, is **GRANTED**.

///

///

///

///

///

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 11**

1    **3.** The Superseding Indictment, **ECF No. 52**, is **DISMISSED WITH**

2       **PREJUDICE**.

3       **IT IS SO ORDERED**. The District Court Clerk is directed to file this Order

4 and provide copies to counsel and close the file.

5       **DATED** this November 13, 2020.

 

                        <u>s/ Robert H. Whaley</u>
                         ROBERT H. WHALEY
                Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 12**