UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO SILVA-PINEDA,<br><br>Defendant. | CASE NO: 2:19-CR-0120-TOR<br><br>ORDER DENYING MOTION TO DISMISS INDICTMENT |

BEFORE THE COURT is Defendant's Motion to Dismiss Indictment. ECF No. 106. The motion was submitted for hearing with oral argument on June 14, 2023. The Court has reviewed the record and the files herein and is fully informed.

Defendant is charged with 1 count of being an alien in the United States after deportation. ECF No. 7. Defendant contends that his 2012 predicate removal was fundamentally unfair because the Immigration Judge violated his due process rights and caused prejudice by not notifying him about voluntary withdrawal of application for admission. Accordingly, he contends the Indictment must be dismissed. The United States opposes Defendant's motion. ECF No. 108.

ORDER DENYING MOTION TO DISMISS INDICTMENT ~ 1

# BACKGROUND

The core operative facts are as follows:  On November 4, 2010, Defendant was apprehended by immigration authorities in Othello, Washington.  *See* ECF No. 106-2.  Soon after being transported to the Northwest Detention Center in Tacoma, Washington, Defendant filed a *pro se* written motion requesting voluntary departure or, in the alternative, conceding removal from the United States.  *See* ECF No. 108-1.  The Immigration Judge denied Defendant's written motion, and Defendant appeared for a scheduled removal proceeding on December 20, 2010.  *See* ECF No. 108-2.  Defendant was granted voluntary departure and returned to Mexico on December 22, 2010.  *See* ECF No. 106-4.

Defendant returned to the United States and was again apprehended by immigration authorities on July 20, 2012.  *See* ECF No. 108-3.  A bond hearing was held on September 4, 2012, before Immigration Judge Tammy L. Fitting.  *See* ECF No. 108-4.  Judge Fitting granted Defendant's request, and ordered Defendant released pending a $4,000 bond.  *See id*.  After the bond was posted, Defendant was released from custody.

Less than a month later, on October 2, 2012, Defendant was found by immigration authorities in Adams County Jail, charged with trespassing and possession of methamphetamine.  *See* ECF No. 106-5.  Defendant was returned to the Northwest Detention Center and ordered removed on November 6, 2012.  *See*

ORDER DENYING MOTION TO DISMISS INDICTMENT ~ 2

1    ECF No. 108-5.  Judge Fitting, again presiding over Defendant's case, advised that

2    Defendant had previously received a written notice of his appeal rights.  *See* ECF

3    No. 68, Audio Recording of November 6, 2012, Removal Hearing.  Evidence was

4    offered that Defendant had been arrested and still had charges pending (criminal

5    trespass in first degree, driving with license suspended/revoked, and possession of

6    methamphetamine).  *Id*.  The Immigration Judge correctly advised that an alien is

7    not entitled to multiple grants of voluntary departure.  *Id*.  After finding Defendant

8    ineligible for relief and ordering him removed to Mexico, the Immigration Judge

9    asked Defendant if he wanted to appeal the removal decision to a higher court, and

10   Defendant declined.  *Id*.

11                                    **DISCUSSION**

12          To convict a defendant of illegal reentry under 8 U.S.C. § 1326, "the

13   government must prove that the alien left the United States under order of

14   exclusion, deportation, or removal, and then illegally reentered."  *United States v.*

15   *Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015).  A defendant may collaterally

16   attack the validity of a removal order underlying a § 1326 indictment by alleging a

17   violation of the Fifth Amendment right to due process on the underlying

18   administrative proceeding.  *United States v. Melendez-Castro*, 671 F.3d 950, 953

19   (9th Cir. 2012).

20

An alien may not challenge an underlying deportation order unless: (1) available administrative remedies were exhausted; (2) the deportation proceeding deprived the alien the opportunity for judicial review; and (3) the order was fundamentally unfair. 8 U.S.C. § 1326(d). Each of these requirements is mandatory. *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1622 (2021).

## I. Administrative Remedies

Defendant does not argue that he exhausted all administrative remedies. ECF No. 106 at 13. Rather, Defendant contends the Immigration Judge's failures at the hearing rendered administrative relief unavailable. *Id.*

The Supreme Court recently held that administrative exhaustion is a mandatory element in a collateral attack proceeding. *Palomar-Santiago*, 141 S. Ct. at 1622. Since then, the Ninth Circuit has indicated the holding "casts doubt on the continued vitality of [the] exhaustion excusal rule under § 1326(d)." *Zamorano v. Garland*, 2 F.4th 1213, 1225 (9th Cir. 2021). Even where not expressly overruled, "the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). The Supreme Court's holding that each element is mandatory is clearly irreconcilable with the Ninth Circuit's exhaustion excusal rule. Therefore, Defendant must exhaust his administrative remedies under § 1326(d)(1).

First, Defendant attempts to distinguish *Palomar-Santiago* as applying only to cases where there are extra statutory exceptions at issue. Defendant's narrow reading of this decision ignores the express language that each statutory requirement of § 1326(d) is "mandatory."

Second, Defendant contends the holding in *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987) survives *Palomar-Santiago*, but this decision was made prior to the enactment of § 1326(d) and did not address whether Congress could require a defendant to exhaust administrative remedies.

When the Immigration Judge asked Defendant if he wanted to appeal the removal order, Defendant declined. ECF No. 68. Because Defendant did not exhaust available administrative remedies, the Motion to Dismiss is denied.

## II. Fundamental Unfairness

A removal order is fundamentally unfair if (1) the defendant's due process rights were violated by defects in the underlying proceeding and (2) the defendant suffered prejudice as a result. *Martinez*, 786 F.3d at 1230. The Court turns to the issue of prejudice as the alternative dispositive factor.

To establish prejudice, the defendant must show he had "plausible grounds for relief from deportation." *United States v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998). When the relief sought is discretionary, "the alien must make a 'plausible' showing that the facts presented would cause the Attorney General to

1  exercise discretion in his favor." *United States v. Barajas-Alvarado*, 655 F.3d

2  1077, 1089 (9th Cir. 2011) (internal citation omitted). "A plausible claim to relief

3  … requires some evidentiary basis on which relief could have been granted, not

4  merely a showing that some form of immigration relief was theoretically possible."

5  *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1049–1050 (9th Cir. 2012).

6          "An immigration judge shall not allow an alien to withdraw an application

7  for admission unless the alien, in addition to demonstrating that he … possesses

8  both the intent and the means to depart immediately from the United States,

9  establishes that factors directly relating to the issue of inadmissibility indicate that

10  the granting of the withdrawal would be in the interest of justice." 8 C.F.R. §

11  1240.1(d). Additionally, withdrawal should only ordinarily be granted with the

12  concurrence of DHS. *Id.* The granting of withdrawal must "be in the interest of

13  justice" considering factors relating to an alien's inadmissibility. *See* 8 U.S.C. §

14  1182; *United States v. Cisneros-Resendiz*, 656 F.3d 1015, 1020 (9th Cir. 2011).

15          Defendant contends that there is no evidence of fraud utilized in returning to

16  the United States, Defendant had not yet received a conviction for the pending

17  criminal charges, Defendant believed his trespass to a retirement home was his

18  own home, he spent a decade in Washington prior to removal with his parents and

19  extended family members while providing for his family, including his United

20  States-citizen son. ECF No. 106 at 9–10. Defendant cites, in part, to equities the

Court does not consider "in the interest of justice." *Cisneros-Resendiz*, 656 F.3d at 1021–22. Defendant does not demonstrate that relief was plausible, only that it was theoretically possible. *Reyes-Bonilla*, 671 F.3d at 1050. This is insufficient to demonstrate prejudice.

Defendant returned to the United States after already receiving voluntary departure. There is nothing in the record indicating that Defendant inadvertently or unintentionally violated immigration laws. Within one month of being released on bond following his second entrance to the United States, Defendant was in Adams County Jail, charged with trespassing and possession of methamphetamine. *See* ECF No. 106-5. Judge Fitting, who presided over Defendant's prior voluntary departure, received evidence that Defendant had been arrested and had criminal charges pending (criminal trespass in first degree, driving with license suspended/revoked, and possession of methamphetamine). *Id.*

Based on this evidence in the record, it is not plausible that the Immigration Judge would have granted Defendant withdrawal based on the interests of justice. Therefore, Defendant did not suffer any prejudice and the removal order was not fundamentally unfair. This is an alternate ground to deny Defendant's Motion to Dismiss.

As the Court finds Defendant failed to exhaust his administrative remedies and failed to demonstrate fundamental unfairness due to lack of prejudice, the

Court declines to consider the opportunity for judicial review and due process arguments. *Palomar-Santiago*, 141 S. Ct. at 1622; *United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1133 (9th Cir. 2013).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss Indictment, ECF No. 106, is **DENIED**.

The District Court Executive is directed to enter this order and provide copies to counsel.

DATED June 14, 2023.



THOMAS O. RICE
United States District Judge